IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TISHMAN & TISHMAN, P.A., a Florida Professional Corporation, individually and as the representative of a class of similarly-situated persons,<br><br>                Plaintiff,<br><br>v.<br><br>PURE BIOMED, LLC, KARL ZETMEIR, and JOHN DOES 1-12,<br><br>                Defendants. | No. 16-cv-80571<br><br>Judge Beth Bloom |

## PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL

Plaintiff, Tishman & Tishman, P.A. ("Plaintiff"), pursuant to Fed. R. Civ. P. 41 (a)(1) (A) (i) and, as this action was filed as a class action, under Fed. R. Civ. P. 23, hereby gives notice of their voluntary dismissal of this case without prejudice as to their individual claims and without prejudice as to the putative class members' claims. In support, Plaintiff states as follows:

    1.    On April 14, 2016, Plaintiff filed its Class Action Complaint against Defendants alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and conversion, arising from unsolicited fax advertisements sent by Defendants. (Doc. 1.)

    2.    Plaintiff attempted service multiple times at the residence of the registered agent. (Doc. 6.)

3. Plaintiff was granted an extension of time in which to secure service on Defendants. (Doc. 7.)

4. Despite additional attempts at service upon the registered agent, Plaintiff has not been able to secure service upon Defendants due to Defendants' concealment.

5. None of the defendants, Pure Biomed, LLC, Karl Zetmeir, or John Does 1-12, has filed an appearance, answered the complaint or filed a motion for summary judgment.

6. Although this action was brought as a class action, no class was ever certified, no notice of potential class certification was sent to putative class members, and this case has not received any publicity such that a putative class member would be misled into believing that his rights were being prosecuted in this action. The putative class members would have no reason to rely upon this litigation. *See Withrow v. Enterprise Holdings, Inc.,* 2010 WL 3359086 (S.D. WV August 20, 2010) (holding that voluntary dismissals that occur before class certification are outside the scope of Rule 23(e), as amended in 2003, and are instead governed by Rule 41); *Buller v. Owner Operator Independent Driver Risk Retention Group, Inc.*, 461 F.Supp.2d 757, 764 (S.D. Ill. 2006) (holding that voluntary dismissals that occur before class certification are outside the scope of Rule 23(e), as amended in 2003, and are instead governed by Rule 41).

7. Dismissal of the case without prejudice as to the putative class members' claims and without taxation of costs will not affect the rights of any putative class member.

WHEREFORE, Plaintiffs request the Court enter this notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41 (a) (1) (a), dismissing this action without prejudice as to Plaintiff's individual claims and without prejudice as to the putative class members' claims.

Respectfully submitted,

TISHMAN & TISHMAN, PA,
individually and as the representative
of a class of similarly-situated persons

By:   /s/ Phillip A. Bock

Phillip A. Bock
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL  60602
Telephone:  312/658-5500
phil@bockhatchllc.com

## CERTIFICATE OF SERVICE

      I hereby certify that on July 21, 2016, I caused the foregoing to be filed using the Court's CM/ECF system which will send notification of such filing to all counsel of record.

                                                      /s/ Phillip A. Bock